**SO ORDERED.**

**SIGNED this 29 day of November, 2006.**

                                                **JAMES D. WALKER, JR.**
                                         **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-10562-JDW |
| ZACHARY D. and LAWANDA L. ROBINSON, | ) ) | |
| | ) | |
|     DEBTORS. | ) ) | |
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-10776-JDW |
| JOHNNY D. CLYDE, JR. and BELINDA A. OWENS, | ) ) | |
| | ) | |
|     DEBTORS. | ) ) | |
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-10729-JDW |
| DAVID W. and CHERYL A. STEVENSON, | ) ) | |
| | ) | |
|     DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Debtors: | George Woodall<br>Post Office Box 305<br>Albany, Georgia 31705-0305 |
| For Creditors: | Mark A. Gilbert<br>106 South Patterson Street, Suite 240<br>Valdosta, Georgia 31601 |
| DaimlerChrysler Financial Servs.: | H. Tucker Dewey<br>200 Jefferson Ave., Suite 1450<br>Memphis, Tennessee 38103 |
| HSBC Auto Finance: | Ronald Levine<br>945 East Paces Ferry Road, Suite 2270<br>Atlanta, Georgia 30326 |
| GMAC: | Lisa Ritchey Craig<br>171 17th Street, NW, Suite 975<br>Atlanta, Georgia 30363 |

**MEMORANDUM OPINION**

This matter comes before the Court on the creditors' objections to confirmation. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(L). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

*Robinsons:* Debtors Zachary and Lawanda Robinson filed a Chapter 13 petition on June 22, 2006. The Robinsons owe DaimlerChrysler Financial Services America, LLC $16,340.97 for the purchase of a 2003 Toyota Camry. The parties agree that the fair market value of the automobile is $14,235. The parties further agree that Daimler has a purchase money security interest in the Camry, it was acquired for the Robinsons' personal use, and it was purchased within 910 days prior to the bankruptcy filing date.

The parties stipulate the Robinsons' modified Chapter 13 plan proposes to either (1) cram down the debt and to pay Daimler $14,235 at 8% interest and to pay the remainder as a general unsecured claim or (2) pay the debt in full with no interest, whichever of the two would result in a greater payout to Daimler. Daimler objected to confirmation of the plan.

*Clyde and Owens:* Debtors Johnny Clyde and Belinda Owens filed a Chapter 13 petition on August 15, 2006. Mr. Clyde and Ms. Owens owe HSBC Auto Finance $16,294 for the purchase of a 2005 Ford Taurus. The parties agree that the fair market value of the automobile is $13,800. The parties further agree that HSBC has a purchase money security interest in the Taurus, it was acquired for Mr. Clyde and Ms. Owens' personal use, and it was purchased within

910 days prior to the bankruptcy filing date.

The parties stipulate Mr. Clyde and Ms. Owens' Chapter 13 plan proposed to either (1) cram down the debt and to pay HSBC $13,800 at 8.25% interest and to pay the remainder as a general unsecured claim or (2) pay the debt in full with no interest, whichever of the two would result in a greater payout to HSBC.  HSBC objected to confirmation of the plan.

*Stevensons:* Debtors David and Cheryl Stevenson filed a Chapter 13 petition on August 2, 2006.  The Stevensons owe General Motors Acceptance Corp. $15,512.32 for the purchase of a 2005 Chevrolet Aveo.  The parties agree that the fair market value of the automobile is $9,975.  The parties further agree that GMAC has a purchase money security interest in the Aveo, it was acquired for the Stevensons' personal use, and it was purchased within 910 days prior to the bankruptcy filing date.

The parties stipulate the Stevensons' Chapter 13 plan proposed to either (1) cram down the debt and to pay GMAC $9,975 at 9% interest and to pay the remainder as a general unsecured claim or (2) pay the debt in full with no interest, whichever of the two would result in a greater payout to GMAC.  GMAC objected to confirmation of the plan.

**Conclusions of Law**

At issue in this case is whether the hanging paragraph at the end of 11 U.S.C. § 1325(a) requires a debtor to pay interest to a creditor whose collateral is a motor vehicle purchased by the debtor for personal use within 910 days prior to filing a bankruptcy petition.  For the reasons provided in In re Carver, 338 B.R. 521, 526 (Bankr. S.D. Ga. 2006) (Walker, J.), and In re Green, 348 B.R. 601, 611 (Bankr. M.D. Ga. 2006) (Walker, J.), the Court holds as follows: Pursuant to a

Chapter 13 plan, a creditor who holds a claim described in the hanging paragraph to § 1325(a) must receive the greater of (1) the full amount of the claim without interest; or (2) the amount the creditor would receive if the claim were bifurcated and crammed down with interest calculated in accordance with Till v. SCS Credit Corp., 541 U.S. 465, 124 S. Ct. 1951 (2004), paid on the value of the collateral.

The facts of the three cases at issue here demonstrate the operation of this rule to 910 creditors. In two of the cases, the creditor likely will receive a greater payout if the debtors pay the full amount of the claim without interest. The debt owed by the Stevensons on their Aveo is $15,512.32. If they were to pay the value of the car–$9,975–with interest at 9% over 60 months (the proposed length of their plan), the total payout would be only $12,423.88.[1] Similarly, the debt of $16,294 owed by Clyde and Owens on their Taurus exceeds the value of the car–$13,800–with interest at 8.25% paid over 3 years (based on the applicable commitment period because the proposed plan has no stated duration). Under a cramdown, the creditor would receive only $15,625.27.

In the third case, however, a cramdown benefits the creditor. The Robinsons owe $16,340.97 on their car, which is worth $14,235. If they pay the value of the car at 8% interest over 57 months (the proposed length of their plan), the creditor will receive $17,157.57, a slightly higher figure than the claim amount.

Because the parties in each case have stipulated that the debtors have proposed to pay either the full amount of the claim or the amount the creditor would receive in a

---

[1] All calculations provided by the Court are for illustrative purposes only and are not intended as findings of fact or determinations of how much the debtors should pay. Each calculation assumes that general unsecured creditors will receive no dividend.

cramdown–whichever would be more favorable–their plans comply with the rule set forth in this Opinion with regard to 910 claims. Therefore, the Court will overrule the creditors' objections to confirmation.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT